# EXHIBIT A

**EXHIBIT A**

JACKSON, COOK, CARACAPPA & SCOTT, PC
By:   William E. Scott, Esquire                       Attorneys for Plaintiffs
       Attorney I.D. No. 56588
Newtown Pavilion
6 Penns Trail, Suite 202
Newtown, PA 18940
215-946-4342

---

### IN THE COURT OF COMMON PLEAS OF BUCKS COUNTY, PENNSYLVANIA
### CIVIL ACTION – LAW

| | |
|---|---|
| JOAN LUBINSKI and<br>EDWIN LUBINSKI, husband and wife<br>21 Nature Lane<br>Levittown, Pennsylvania 19054<br><br>                    Plaintiffs<br><br>vs.<br><br>WAL-MART REAL ESTATE BUSINESS TRUST<br>t/a WAL-MART<br>180 Levittown Center<br>Levittown, Pennsylvania 19055<br><br>and<br><br>WAL-MART STORES EAST, INC.<br>t/a WAL-MART<br>180 Levittown Center<br>Levittown, Pennsylvania 19055<br><br>and<br><br>WAL-MART STORES EAST, L.P.<br>t/a WAL-MART<br>180 Levittown Center<br>Levittown, Pennsylvania 19055<br><br>                    Defendants | : No. 2019-08653<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: JURY TRIAL DEMANDED |

### **NOTICE**

     You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Second Amended Complaint and Notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so, the case may proceed without you, and a judgment may be entered against you by the court, without

Case# 2019-08653-12 - JUDGE:38 Received at County of Bucks Prothonotary on 02/25/2020 1:21 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Case# 2019-08653-12 - JUDGE:38 Received at County of Bucks Prothonotary on 02/25/2020 1:21 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

further notice, for any money claimed in the Second Amended Complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

    YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

        Bucks County Bar Association
        135 East State Street
        Doylestown, Pennsylvania 18901
        Phone:  215-348-9413; 1-800-479-8585.

        _____
        William E. Scott, Esquire
        Attorney for Plaintiffs
        Attorney I.D. No. 56588

Case# 2019-08653-12 - JUDGE:38 Received at County of Bucks Prothonotary on 02/25/2020 1:21 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

JACKSON, COOK, CARACAPPA & SCOTT, PC
By:   William E. Scott, Esquire                              Attorneys for Plaintiffs
      Attorney I.D. No. 56588
Newtown Pavilion
6 Penns Trail, Suite 202
Newtown, PA 18940
215-946-4342

---

IN THE COURT OF COMMON PLEAS OF BUCKS COUNTY, PENNSYLVANIA
CIVIL ACTION – LAW

| | |
|---|---|
| JOAN LUBINSKI and<br>EDWIN LUBINSKI, husband and wife<br>21 Nature Lane<br>Levittown, Pennsylvania 19054<br>                        Plaintiffs<br><br>vs.<br><br>WAL-MART REAL ESTATE BUSINESS TRUST<br>t/a WAL-MART<br>180 Levittown Center<br>Levittown, Pennsylvania 19055<br><br>and<br><br>WAL-MART STORES EAST, INC.<br>t/a WAL-MART<br>180 Levittown Center<br>Levittown, Pennsylvania 19055<br><br>and<br><br>WAL-MART STORES EAST, L.P.<br>t/a WAL-MART<br>180 Levittown Center<br>Levittown, Pennsylvania 19055<br>                        Defendants | : No. 2019-08653<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: JURY TRIAL DEMANDED |

## **SECOND AMENDED COMPLAINT**

1.     Plaintiffs, Joan Lubinski and Edwin Lubinski, are adult individuals, husband and wife, who reside at the above-captioned address.

2. Defendant, Wal-Mart Real Estate Business Trust (hereinafter "Trust"), is believed to be a real estate trust created under the laws of the State of Delaware with a principal place of business located at 180 Levittown Center, Levittown, Pennsylvania 19055.

3. Defendant, Wal-Mart Stores, Inc. (hereinafter "Wal-Mart"), is believed to be a Delaware corporation registered in the Commonwealth of Pennsylvania with a principal place of business located at 180 Levittown Center, Levittown, Pennsylvania 19055.

4. Defendant, Wal-Mart Stores East. L.P. (hereinafter "East"), is believed to be a Delaware Limited Partnership with a principal place of business located at 180 Levittown Center, Levittown, Pennsylvania 19055.

5. On or about March 20, 2019, and at all times relevant hereto, Defendant Trust was the owner, possessor, manager, caretaker, landlord and/or tenant of the retail store known as Wal-Mart Store #2068, 180 Levittown Center, Levittown, Pennsylvania 19055 (sometimes referred to herein as the "Premises").

6. On or about March 20, 2019, and at all times relevant hereto, Defendant Wal-Mart was the owner, possessor, manager, caretaker, landlord and/or tenant of the retail store known as Wal-Mart Store #2608, 180 Levittown Center, Levittown, Pennsylvania 19055.

7. On or about March 20, 2019, and at all times relevant hereto, Defendant East was the owner, possessor, manager, caretaker, landlord and/or tenant of the retail store known as Wal-Mart Store #2068, 180 Levittown Center, Levittown, Pennsylvania 19055.

8. At all times relevant hereto, Defendants Trust, Wal-Mart and East have a duty and responsibility to operate and maintain the Premises, which at all times was open to the public, in a proper and safe condition and manner.

Case# 2019-08653-12 - JUDGE:38 Received at County of Bucks Prothonotary on 02/25/2020 1:21 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

9. At all times relevant hereto, all Defendants, themselves and through their agents, servants, workmen and employees, were responsible for maintaining the Premises in a safe condition.

10. On March 20, 2019 and for an unreasonably long time prior thereto, all Defendants, their agents, servants and/or workmen did create and/or allowed to exist one or more dangerous and defective conditions within the Premises.

Count I – Negligence

11. Plaintiffs incorporate by reference Paragraphs 1 through 10 as though fully set forth herein at length.

12. On March 20, 2019, Plaintiff Joan Lubinski was a business invitee at the Premises, having gone to the Wal-Mart Store #2028 in Levittown Center to shop when, while entering the Premises through its main automatic double-door entrance, she slipped and fell in the store vestibule causing her to fall onto the floor of the Premises, and causing her personal injury, including but not limited to a proximal fracture of her right humerus necessitating multiple surgical procedures.

13. The aforementioned incident was solely and proximately caused by the carelessness and negligence of Defendants, their agents, servants, workmen and employees, which consisted of the following:

 (a) failing to exercise reasonable care to protect Plaintiff from the slippery floor caused by the accumulation of rainwater in the vestibule of the store of which Defendants knew or should have known to be such;

 (b) failing to maintain the Premises, specifically the vestibule floor area of the Wal-Mart Store #2028 in Levittown Center, so that it became slippery and unsafe with the accumulation of rainwater;

3

Case# 2019-08653-12 - JUDGE:38 Received at County of Bucks Prothonotary on 02/25/2020 1:21 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

(c) permitting the Premises, specifically the vestibule floor area, where Plaintiff attempted to enter the Premises on the date of the accident, to become treacherous, slippery and unsafe for a person to walk upon in their normal course of conduct due to the accumulation of rainwater;

(d) failing to provide a safe means and method for invitees to walk around or through the slippery floor of the vestibule on the Premises caused by the accumulation of rainwater;

(e) failing to warn Plaintiff of the existence of said slippery and hazardous condition despite having known or having reason to know of said slippery and hazardous condition caused by the accumulation of rainwater existing on the Premises; and

(f) allowing said slippery floor caused by the accumulation of rainwater to exist on the Premises over a period of time.

14. Plaintiffs aver, on information and belief, that Defendants had actual and or constructive knowledge of the condition of the slippery floor of the vestibule due to the accumulation of rainwater which caused Plaintiff's injuries, so that Defendants, in the exercise of due care, could have and should have taken reasonable steps to alleviate the danger and render the Premises safe for its business invitees, including Plaintiff.

15. Solely as a result of this incident, which was solely and proximately caused by the negligence of Defendants and their agents, servants, workmen and employees as set forth above, Plaintiff Joan Lubinski has suffered serious and potentially permanent injuries, which include a proximal fracture of her right humerus.

16. As a further result of this incident, Plaintiff Joan Lubinski has suffered physical pain and discomfort, as well as mental anguish and emotional trauma and she will in the future continue to suffer pain and discomfort from these injuries, and has suffered a loss of their normal and ordinary pleasures in life.

4

17.     As a further result of Defendants' negligence, Plaintiffs have been obligated, and may be obligated in the future to expend large and various sums of money for medical attention in and about endeavoring to treat and cure Joan of her injuries.

WHEREFORE, Plaintiffs demand judgment against all Defendants on this Count in an amount in excess of Fifty Thousand Dollars ($50,000.00) together with costs of this suit, legal interest and other damages appropriate by statute or rule of Court.

### Count II – Loss of Consortium

18.     Plaintiffs incorporate by reference Paragraphs 1 through 17 as though fully set forth herein at length.

19.     At all times material hereto, Plaintiff Edwin Lubinski was and is married to Plaintiff Joan Lubinski and resided with her at the above-captioned address.

20.     Due to the negligence of the Defendants as set forth above, Plaintiff Edwin Lubinski has been denied the society, assistance and comfort of his wife, Plaintiff Joan Lubinski.

WHEREFORE, Plaintiffs demand judgment against Defendants on this Count in an amount in excess of Fifty Thousand Dollars ($50,000.00), together with costs of suit, legal interest, and any other damages appropriate by statute or rule of Court.

JACKSON, COOK, CARACAPPA & SCOTT, PC

By: _____
William E. Scott, Esquire
Attorney for Plaintiffs

Case# 2019-08653-12 - JUDGE:38 Received at County of Bucks Prothonotary on 02/25/2020 1:21 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

## VERIFICATION

WILLIAM E. SCOTT, ESQUIRE, verifies that he is authorized to take this Verification on behalf of Plaintiffs, Joan Lubinski and Edwin Lubinski, and verifies that the facts set forth in the foregoing Second Amended Complaint are true and correct to the best of his knowledge, information and belief, and understand that false statements herein are made subject to the penalties of 18 Pa. C.S.A. Section 4904, relating to unsworn falsification to authorities.

DATE 2/25/20

**WILLIAM E. SCOTT, ESQUIRE**

6